ROHDE USA, INC., a California corporation dba JPH Corporate; Jean Hug, Plaintiffs—Appellants,

v.

ERICH ROHDE KG SCHUHFABRIKEN OF SCHWALMSTADT, a German corporation; Rohde Shoes USA, a business entity, e/s/a Rohde Footwear Group, Inc.; Evert Rotteveel; F.O. Schenk; Erich Rohde, Defendants— Appellees.

No. 00–57007.

D.C. No. CV–00–00235–VAP.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2002 *.

Decided Feb. 19, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See   Fed. R.App. P. 34(a)(2).

Before TROTT, THOMAS and WARDLAW, Circuit Judges.

## MEMORANDUM **

Plaintiffs Rohde USA, Inc. ("Rohde USA") and its president Jean Hug ("Hug") sued Erich Rohde KG Schuhfabriken of Schwalmstadt, Germany ("Rohde KG"), its American subsidiary Rohde Shoes USA ("Rohde Shoes"), Rohde Shoes employee Evert Rotteveel ("Rotteveel"), Rohde KG's export manager F.O. Schenk ("Schenk"), and Erich Rohde, the deceased former president of Rohde KG, for damages flowing from the alleged breach of an exclusive distribution contract between Rohde USA and Rohde KG. The district court dis-

missed the action for lack of proper venue as to Rohde KG and lack of personal jurisdiction over the other defendants.[1]

■ The distribution contract between Rohde USA and Rohde KG contained the following provision: "Venue for both parties is the seat of Erich Rohde KG, Schwalmstadt/Germany." We agree with the district court that this provision set the exclusive venue for any contract-related suit in Schwalmstadt, Germany.

■ Further, Plaintiffs have provided no admissible evidence that Rohde Shoes, Rotteveel, or Schenk purposefully availed themselves of the California forum as required for the exercise of personal jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Thus, the district court properly dismissed the claims against these defendants for lack of personal jurisdiction.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Although the district court transposed the bases for dismissing the claims in its order, the substance of its ruling is apparent from the text of its order.